Filed 11/17/25  P. v. Coddington CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>JAMES MCKENZIE CODDINGTON,<br><br>          Defendant and Appellant. | A171630<br><br>(Del Norte County<br>Super. Ct. No. CRF16-9495) |

Defendant James McKenzie Coddington appeals from the trial court's order declining to dismiss sentencing enhancements under Penal Code section 1385, subdivision (c).[1]  On appeal, Coddington contends that the court abused its discretion.  We affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

We described much of the relevant procedural background in an earlier appeal by Coddington involving the same sentence at issue in this appeal, and we repeat that background here.  "Coddington has an extensive criminal

---

[1] All subsequent statutory citations are to the Penal Code unless otherwise specified.

1

history.  The case establishing the basis of this appeal arose in connection with an incident in October 2016 in which he attacked a fellow inmate at the Del Norte County Jail.  As a result of the incident, Coddington was charged by felony information with one count of assault by force likely to cause great bodily injury (§ 245, subd. (a)(4)) and one count of making a criminal threat (§ 422), both with a special allegation of great bodily injury (§ 12022.7).  The information contained three additional allegations: that Coddington previously had been convicted of a serious felony (§ 667, subd. (a), 'serious felony allegation'), that he had a prior strike conviction (§ 1170.12, 'prior strike allegation'), and that he had served three prior prison terms (former § 667.5, subd. (b), 'prison priors').

"In May 2017, Coddington pleaded guilty to the count of assault with force likely to cause great bodily injury, and admitted the special allegation of great bodily injury.[2]  He also admitted two enhancements as alleged in the information—the serious felony allegation (§ 667, subd. (a)), and the prior strike allegation (§ 1170.12)—and one of the three prison priors (former

---

[2] As part of the plea, three other cases were also resolved.  In one, Coddington had faced the possibility of about six years in prison for charges relating to evading a peace officer, unlawfully taking a vehicle, possessing a firearm as a felon, and possessing drugs in jail, assuming he received consecutive sentences of one third the midterm, doubled based on his prior serious felony conviction.  (Veh. Code, §§ 2800.2, subd. (a), 10851; §§ 18, subd. (a), 1170, subd. (h), 1170.12, subd. (c)(1), 4573.6, 29800, subd. (a)(1).)  Because Coddington entered a plea in the instant case, this separate case was instead dismissed with a '*Harvey* waiver,' meaning the trial court could consider the dismissed charges in sentencing.  (*People v. Harvey* (1979) 25 Cal.3d 754, 758–759.)  In the two other cases, Coddington was accused of felony violation of postrelease community supervision (PRCS, § 3455).  When the trial court sentenced Coddington in this case, the court found him in violation of PRCS, ordered him to time served, and terminated him from PRCS in those cases.

§ 667.5, subd. (b)).  The indicated sentence was 13 years.  Had Coddington been convicted on all charges in the original complaint, he faced up to 17 years, four months, calculated as follows: four years on the assault charge (the upper term of four years, § 245, subd. (a)(4)), plus eight months for criminal threats (one-third the midterm of two years, §§ 422, subd. (a), 1170, subd. (h), 1170.1, subd. (a)), doubled because of the strike (§ 1170.12, subd. (c)(1)), plus five years for the prior serious felony (§ 667, subd. (a)), plus three years for the great bodily injury enhancement (§ 12022.7, subd. (a)).

"Based on the plea, the trial court sentenced Coddington to 13 years in prison, calculated as follows: the lower term of two years for the assault conviction (§ 245, subd. (a)(4)), doubled because of the prior strike allegation (§ 1170.12, subd. (c)(1)), plus three years for the great bodily injury allegation (§ 12022.7, subd. (a)), plus five years for the serious felony allegation (§ 667, subd. (a)(1)), plus one year for the prison prior.

"By motion filed in the trial court in August 2022, Coddington moved to be resentenced to remove his one-year prison-prior enhancement.  His motion was based on two laws relating to prison priors that were enacted after his conviction. The first, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), amended section 667.5, subdivision (b), effective January 1, 2020, to eliminate sentence enhancements for prison priors unless the prior term was for a sexually violent offense.  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*); see Stats. 2019, ch. 590, § 1.)  The second, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483), was enacted in 2021, and it extended Senate Bill No. 136 to all persons, such as Coddington, currently incarcerated in jail or prison.  (*Burgess* at p. 380; see Stats. 2021, ch. 728, § 3.)  As a result of these enactments, section 1172.75, subdivision (a), renders legally invalid any prison prior imposed before 2020 except where the

prison prior was for a sexually violent offense. Other than seeking to remove his one-year prison-prior enhancement, Coddington did not seek any further sentencing relief.

"At a brief hearing on the motion, the trial court vacated Coddington's one-year prison-prior sentencing enhancement. This reduced Coddington's sentence from 13 years to 12 years, which was the entire relief Coddington had requested. Proceeding without an attorney, Coddington filed a notice of appeal." (*People v. Coddington* (2023) 96 Cal.App.5th 562, 565–567 (*Coddington I*, fns. omitted).)

On appeal, Coddington argued that he was entitled to seek yet further reductions of his prison term under recent legislation affecting other aspects of his conviction. We agreed and remanded the matter for a full resentencing. (*Coddington I, supra,* 96 Cal.App.5th at p. 567.)

This appeal involves the subsequent resentencing hearing. Coddington sought dismissal of the five-year enhancement for his prior serious felony conviction (§ 667, subd. (a)) and the three-year enhancement for personally inflicting great bodily injury (§ 12022.7). The People opposed the request, and the probation department submitted two supplemental presentence investigation reports.

At the hearing, the trial court indicated it had "spent a lot of time looking at everything that was submitted, as well as reviewing the original probation report." The court ultimately determined that dismissing the enhancements would "result in a serious danger to others" and would not further the interests of justice.

4

## I.
## DISCUSSION

### A. *The Trial Court Did Not Abuse Its Discretion in Declining to Dismiss Additional Sentencing Enhancements.*

Coddington contends the trial court abused its discretion in denying his request to dismiss the two enhancements. The contention is meritless.

As amended by Senate Bill No. 81, section 1385, subdivision (c)(1), explains how trial courts should consider whether to dismiss sentencing enhancements. The law generally directs that, "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." It states, "[T]he court shall consider and afford great weight to evidence" a defendant offers on various enumerated mitigating circumstances. (§ 1385, subd. (c)(2)(A)–(I).) Enumerated circumstances "are not exclusive," however, and the court can consider other factors if doing so furthers justice. (§ 1385, subd. (c)(4).) A defendant's proof of one or more relevant circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) " 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid.*)

Coddington maintains that two enumerated circumstances were relevant to his resentencing request. The first one applies when "[m]ultiple enhancements are alleged in a single case." (§ 1385, subd. (c)(2)(B).) The second one applies when an "enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).) He also contends that other circumstances were relevant, including the "significant steps [he took] toward rehabilitation while in prison," and the support he has from people in the community.

5

Last year, the Supreme Court in *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*) provided clear direction on how trial courts should apply section 1385, subdivision (c). Neither party, however, discusses *Walker* in their appellate briefing, though respondent discusses a case cited approvingly by *Walker*. (*Walker* at p. 1029 [plain language of § 1385, subd. (c) contemplates trial courts will exercise discretion consistent with *People v. Ortiz* (2023) 87 Cal.App.5th 1087].) *Walker* explained that, "absent a finding that dismissal would endanger public safety, a [trial] court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present. [Citation.] In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, at p. 1029.) The court emphasized "that, in most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in subdivision (c)(2)." (*Id.* at p. 1033.)

We review a trial court's decision not to dismiss an enhancement for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373.) The court's decision may not be set aside merely because reasonable people might disagree with it, and this court may not substitute its judgment for the trial court's judgment. (*Id.* at p. 377.) Abuse of discretion "asks in substance whether the ruling in question 'falls outside the bounds of reason' under the

6

applicable law and the relevant facts." (*People v. Williams* (1998) 17 Cal.4th 148, 162.)

The trial court's order does not come close to satisfying this standard. To the contrary, the record demonstrates the order was thoughtful, detailed, and eminently reasonable. The court's ruling speaks for itself, and we quote from it at length:

"And the bottom line, I do not find a dismissal of either enhancement would be in the interests of justice. And I reach this conclusion regardless of whether [Coddington] is entitled to have the Court give great weight to the mitigating factors in subdivision C of 1385 because I find dismissal of the enhancement would result in a serious danger to others. [¶] . . . . [T]here were a number of factors that I think do point towards dismissing the enhancement, but I think they were outweighed by those things that are opposed to dismissal and in furtherance of justice."

The trial court expressly recognized that Coddington established two of the enumerated circumstances, but it found that dismissing the enhancements would endanger public safety: "The legislature has directed courts to afford great weight to two mitigating factors that are present in this case; one, that [Coddington] pled and was sentenced to multiple enhancements and, secondly, that the five-year enhancement was for a conviction that was more than five years old at the time that he was sentenced. It's close to 20 years. [¶] However, the Court is to give a great weight to those factors unless dismissal would endanger public safety and specifically result in serious danger to others. And I find that dismissing or releasing Mr. Coddington at this time would result in serious danger to others."

7

The court also recognized that Coddington presented some evidence of other relevant, non-enumerated factors: "[Coddington] has clearly pursued some community college classes although it's unclear to me exactly to what extent he has. He got a great review from his working in the prison kitchen. He apparently has family support, at least oral support, but I'm not exactly sure to what extent they would really help him. He has taken classes with regard to improving sobriety but given his disciplinary record and recent drug test, they don't appear to have been particularly effective."

But the trial court did not believe the mitigating factors outweighed the aggravating factors, especially in light of the potential harm to public safety: "I also take into consideration the legislature's apparent intent going forward to generally avoid multiple enhancements in cases and enhancements based upon facts more than five years old. . . . [¶] . . . [¶] But countering those things that I find weigh in support of dismissing is [Coddington's] very long criminal history and his background as far as I can tell. [¶] He has a —his criminal history is full of violence and use of weapons, including firearms and ammunition, as well as in his prison disciplinary history includes use of weapons and some sort of stabbing or cutting instruments. [¶] He's had three prior prison terms before this one. Never been free of prison or some sort of supervision in more than 20 years now, since 2004. [¶] He's charged with recent criminal felony history, including weapons and drugs. And while he's pled guilty and may or may not be convicted, that's something I'm considering that was stipulated to. [¶] His prison discipline history includes at least two violent incidents. And while he is denying that he was really involved, he was found guilty in the administrative proceedings, including attacks on other inmates, one in conjunction with another. Plus, he's got the

8

current criminal charges charging him with possession of weapons and drugs. He has recent drug tests that were positive for multiple substances."

Turning to the circumstances of the underlying offense, the trial court found that they too weighed against dismissing the enhancements: "Then concerning also the violence of the underlying offense, the unprovoked attack upon another inmate, surprise attack, he didn't basically see it coming, as I have indicated I recall the video from the original sentencing. [Coddington] or the victim in that case suffered multiple lacerations on the head as well as bruises and one laceration it took six stitches to be closed. [Coddington] at that time had numerous other charges dismissed, including two different cases that the Court of Appeal I believe indicated that if he was convicted of those, that I could have added another six years to the sentence in this case. [¶] The Court can consider in determining whether the interests of justice would be served the mitigating and aggravating factors that were involved in that case. There were no mitigating factors that I saw and there was numerous aggravating factors. Now those would have to be charged and at the time they did not. And there's case law that says they don't have to be charged. When the court looks at whether . . . the furtherance of justice would be served in dismissing charges, the court ruled they do not actually have to have been charged and proven. And there were numerous aggravating factors involved, including prior convictions for [Coddington], the fact that he served prior prison terms, three prior prison terms, he was on probation or parole, in this case I think PRCS, at the time the crime was committed and that his prior performance on supervision was unsatisfactory. [¶] So, there were numerous aggravating factors that the Court does take into consideration with the underlying charges. It appears to me that [Coddington's] violent history is the best indicator of the danger he poses of

9

committing violence in the future. And so I have looked at both the violence in this case as well as the violence against inmates since he's been incarcerated in his case plus his underlying charges and prior convictions that have involved firearms, felon in possession of ammunition, shooting . . . a firearm from a vehicle, all convictions that were sustained. [¶] And I also—in looking at the furtherance of justice is the fact that—the reason the five-year term is something that if [it] hadn't been for the plea bargain and sentence bargain, he could have been sentenced to an eight-year base term as it was. [¶] This is clearly an aggravated case for reasons I have already indicated as well as the injuries that were suffered by the defendant. And this would have been a four-year upper term doubled for eight years. And so that's just one year less than the five-year enhancement. So, this was not a disproportional sentence. I believe that the sentence, if we took away the five-year enhancement, would be a seven-year term. I don't think that the D.A. ever would have offered the seven-year term. I don't think the Court would have accepted a seven-year term under these circumstances. [¶] So, again, looking at furtherance of justice, I don't think that a seven-year term would be in the furtherance of justice. [¶] So overall, the sentence was not excessive and for the reasons that I have indicated, I am not going to exercise my discretion to strike the five-year enhancement of great bodily injury."

In sum, the trial court carefully explained its decision, which itself was consistent with our Supreme Court's interpretation of the relevant statute. On appeal, Coddington maintains that the "determination by the trial court, that the dismissal of the enhancements would endanger public safety" was itself an abuse of discretion and that the court's order refusing to dismiss the enhancements was another abuse of discretion "even if the trial court was not required to give the mitigating factors their typical weight." We are

10

unpersuaded. There is no basis in the record for us to conclude that the trial court abused its discretion in denying Coddington's resentencing motion. (See *Walker*, *supra*, 16 Cal.5th at p. 1033.)

## III.
### DISPOSITION

The trial court's resentencing order is affirmed.

11

_____

Humes, P. J.

WE CONCUR:

_____

Banke, J.

_____

Langhorne Wilson. J.

*People v. Coddington*  A171630

12